Geiger, J.
A petition is filed by Richard E. Pettiford and others, in' the name of the State of Ohio vs the County Commissioners, the Trustees of Champion Aerie 397, Fraternal Order of Eagles, and the Epoch Producing Company, in which the court is asked to restrain deféndants, as commissioners of Clark county, from permitting the other defendants to use the Memorial Building for the purpose of exhibiting a certain moving picture film known as “The Birth of a Nation.”
The action is brought by the tax-payers under favor of Section 2922, General Code, the prosecuting attorney having refused to bring the same.
It is alleged that the commissioners have leased the Memorial Building to the other defendants for the period of eight days, commencing on Sunday, the 3d day of February, for the purpose of exhibiting said pietúre, and unless said restraining order is allowed certain of the defendants will give such entertainment on Sunday, February 3d, and on Sunday, February 10th, and for six week days commencing on February 4th.
The character of the picture known as “The Birth of a Nation” is not put in question by the pleadings. It has been licensed by the State Board of Censors of Ohio and it is conceded this order can not be questioned in any way, except by application to the board of censors to review its own action, or by commencing an action in the Supreme Court of Ohio, to have the order of the board of censors set aside, vacated or amended. Epoch Producing Co. v. Davis, 19 N.P.(N.S.), 465.
Those seeking the injunction maintain that the statutes providing for the erection of a memorial building (3059-3069, *429 Gr. C.) fix the purpose for which the building after erection may be used, viz: “To commemorate the services of the soldiers, sailors, marines and pioneers of the county.” They insist that under the statutes the county commissioners have no power to lease the building for any purpose which is not in itself a commemoration of those named in the statute. Many authorities ,are cited in support of this contention that public officials may not divert the use of a public building to any other purpose than that for which the same was erected, and it is insisted that the display of a moving picture can in no way tend to carry out such purpose.
County commissioners can exercise no power nor do any act. unless the same is expressly authorized and done in the manner provided by the statute, and we must therefore look to the statutes governing county commissioners in their control of a memorial building, to determine the extent of their power.
The building was erected by a board of trustees composed of five citizens, to commemorate the services of the soldiers, sailors, marines and pioneers of this county. There is no limitation in the act as to the character of the building to be erected by such trustees, the only limitation being the cost thereof, which shall not exceed $250,000.
The trustees in the exercise of their authority caused to be constructed a building having a large auditorium capable of seating several thousand people, the use of which is sought to be restrained.
Upon the completion of a memorial building of a design and character which seemed most suitable to the trustees it was turned over to the commissioners, who were required by the statute to provide for its maintenance, equipment, decoration and furnishing, at a cost of not to exceed $25,000.
It will thus be seen that the county commissioners had nothing to do with the character of the building erected or with its structural arrangement, but were obliged to receive from the trustees such building as had been constructed by them, and, having furnished the same, it is now their duty to maintain it.
*430 The act provides that' “they may permit the occupancy and use of the memorial building, or any part thereof, upon such terms as they deem proper.”
Manifestly, the occupancy permitted by the statute is any occupancy to which the structure of the building is suitable. To hold that it may be occupied only for such purpose as would commemorate the services of various worthy persons, is to place, a limitation upon the use of the building which was not controlling when the same was constructed.
Had it been the legislative intent that the building could be used only for certain memorial services there would have been some limitation upon the trustees who constructed it, but the Legislature having left the trustees free to select any style of building that to them seemed best, it would necessarily result in' a great loss to confine its occupancy to purposes more restricted than those which governed its construction.
Memorial buildings constructed in the state of Ohio under favor of this act have as one of their principal features large auditoriums, and it has been the custom of the county commissioners to permit the use of these for various and widely different classes of entertainment, some of which have been public in their nature, and others under private management.
Aside from these considerations, there are many cases which hold that if a building is constructed for certain public purposes, the public authorities in control of such building may derive a revenue by renting portions thereof not required for public service, or may even permit the use of same without compensation. Gottlieb-Knabe & Co. v. Macklin, 31 L. R. A. (N.S.), 580; Herald v. Board, of Education, 31 L. R. A. (N.S.), 588; State v. Hart, 33 L. R. A., 118; McQuillan on Municipal Corporations, Vol. 3, 2522.
The court is of the opinion that there is clear statutory power vested in the county commissioners to permit the occupancy of the auditorium of the Memorial Building for ,any lawful, private purpose, when the same does not interfere with the public use of such building, and to lease the same to those desiring to use it for the purpose of giving entertainments.
*431 There remains, however, the further claim urged by the defendant, that even though the commissioners may have the right to lease the building for various forms of entertainment, they have no right to lease it for the purpose of exhibiting a moving picture on Sunday.
Section 13049, General Code, provides that whoever on Sunday participates in, or exhibits to the public, with or without charge, a theatrical or dramatic performance, shall be punished as therein provided.
In the case of Myer v. State, 25 C.C.(N.S.), 556, it is held that a moving picture show is a theatrical performance, and is prohibited on Sunday by Section 13049, General Code.
A motion to direct the court of appeals to certify its record in this ease was overruled by the Supreme Court April 25th, 1916, which leaves this ease as the declaration of the law of Ohio upon this point.
It is conceded by counsel for both sides that if any of the defendants should exhibit ,a moving picture on Sunday, that they would violate this penal section of the statute. It is also conceded that courts of equity will not enjoin the commission of a crime.
The remedy of the state for an infraction of its penal and punitive laws lies in a proper prosecution for the enforcement of the penalties and punishment prescribed by the statute.
But the petitioners seek an injunction, not against the commission of an offense by any of the defendants, but ask that the county commissioners be restrained from permitting the other defendants to use the Memorial building for purposes which are in violation of penal statutes.
Section 2921, General Code, permits the prosecuting attorney to seek a restraining order against the completion of an illegal contract not fully completed, and the plaintiffs in this action have the same right as the prosecuting attorney, he having failed to bring the action.
The court is clear that whatever may be the rights of the •commissioners to lease the building for various forms of entertainment, that they have no right as trustees of the real owners *432 of the building, who are the public, to lease it to those who publicly announce that they intend to use it in the violation of a penal statute.
The Legislature has declared that a theatrical entertainment shall not be given on Sunday, and the commissioners are without authority to enter into a contract to permit public property to be utilized in the violation of law.
The people of Ohio believe in the observance of Sunday and have embodied that belief in a statute law, and they are justified in insisting that public property shall not be used for the purpose of giving a Sunday theatrical entertainment.
The exhibition of moving pictures being legal on other days of the week than Sunday, .the court is of the opinion that the commissioners have a right to lease the building for that purpose, and the prayer of the petition asking for an injunction against the commissioners, so far as the same affects the use of the building oh other days of the week than Sunday, will be denied; but an injunction will be allowed as prayed for restraining the county commissioners from permitting the use of the building for a moving picture entertainment on Sunday, February 3d, and Sunday, February 10th.
The question was not raised as to what effect the illegal portion of the contract of rental would have upon the entire contract.